LISA F. ROSENTHAL (BAR # 153320)
**LAW OFFICES OF ROSENTHAL & ASSOCIATES**
21601 Vanowen Street, Suite 208
Canoga Park, California 91303
Tel:(818) 348-2896 FAX (818) 348-1247

Attorneys for Plaintiff
Kelly Furie

FILED
SEP - 5 2014
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| IN RE:<br><br>    RUSSELL FURIE<br><br>                      Debtor<br>_____<br>Kelly Furie<br><br>                 Plaintiff,<br>vs<br>Russell Furie<br><br>               Defendant. | CASE NO: 2:13-bk-18101 BR<br>Adversary NO:2:13-AP-01601 BR<br><br>**Plaintiff's Trial Brief**<br><br><br><br><br><br><br>Date: October 22, 2014<br>Time: 10:00 am<br>Dept: 1668 |

    **TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

    Plaintiff Kelly Furie respectfully presents the following trial brief.

**Factual Background**

    Russell Furie and Plaintiff were married on November 2, 1996. They separated on September 26, 2009. The purpose of the

separation was clear, Mr. Furie wanted to protect the marital assets, as the party's former landlord for A+ Teaching Supplies, Octagon was suing Plaintiff and Mr. Furie wanted to protect all of our assets.

In an effort to protect the assets, the party's filed for legal separation on August 25, 2009. They entered into a settlement agreement in which all of the assets were awarded to Mr. Furie.

Under this agreement, Mr. Furie acquired all of the community assets, including all interests in several profitable businesses, 100% ownership in RKF Investments Inc., 100% ownership interest in RK Furie Family Trust; the timeshare in Laguna Beach, and most importantly the title to the family home located at 26808 Terravista Court in Canyon Country.

Mr. Furie knew that under this agreement he was getting all of the assets and he actually informed Plaintiff in writing that he was aware that the agreement was unfair to Plaintiff but that it needed to be done to "keep the family together".

Under the agreement the party's signed, Plaintiff waived my right to receive spousal support in exchange for being allowed to live in the family home, which was awarded to Mr. Furie, until the party's youngest child, Mackenzie turned 18 or until 2019. This was a long-term marriage, which would have allowed Plaintiff to receive spousal support for life.

Plaintiff's Trial Brief     2

Mr. Furie intentionally did not make the mortgage payments on the home and the home has since been foreclosed upon.

The current order of support as ordered by the Family Court is $2,092.00. This order has been made retroactive to August 1, 2011 per the order of the Appellate Court. Mr. Furie is currently in arrears in this support order.

**Fraud Cause of Action**

**11 USC §523(a)(4)**

11 USC §523(a)(4) excepts from discharge claims for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

Under California Law, each spouse has a fiduciary to each other and this obligation does not terminate with separation or commencement of a dissolution action. See *In Re Samuel Stanifer* (1999) 236 B. R. 709.

The meaning of "fiduciary capacity" under §523(a)(4) is an issue of federal law and is narrowly construed and is applied to relationships involving express or technical trust relationships. The "technical" or "express" trust requirements includes relationships in which trust-type obligations are imposed pursuant to statute. See In Re Bennett, (1993) 989 F. 2d 779-784-785; *In Re Samuel Stanifer* (1999) 236 B. R. 709.

In California the Family Code, specifically §1100(c) specifically defines the marital relationship as a fiduciary relationship.

In fact, in the case of *In Re Samuel Stanifer* (1999) 236 B.R. 709, the Court held that the "statutory scheme provided in the California Family Code establishes the type of 'fiduciary capacity' within the meaning of §523(a)(4)." *In Re Samuel Stanifer* (1999) 236 B.R. 709, 713.

In short, it appears that Federal Courts have found that a spouse maybe held liable for fraud in their business dealings with each other. Thus, in this case, this Mr. Furie had a fiduciary duty to not defraud his spouse, Plaintiff.

Yet, that is what occurred. Defendant represented to Plaintiff that she would be able to reside in the family home for the next 10 years without the worry of having to pay any expenses associated with such a home, such as rent, electricity, water, phone etc., in exchange for waiving lifetime spousal support.

These statements were made by Defendant with the sole intent of inducing Plaintiff to waive her right to lifetime spousal support. They were also made while Defendant was acting in a fiduciary capacity toward Plaintiff his wife.

The representations were known to the Defendant to be false, he intentionally did not pay the mortgage on the family

home with the intent of having the home foreclosed and Plaintiff and the minor children be thrown out on the streets.

This lifetime waiver of spousal support was obtained through fraud, and as such, Defendant is liable for damages as a result thereof and should not be discharged pursuant to 11 USC §523(a)(4).

### Child Support

### 11 USC §523(a)(5)

11 USC §523(a)(5) exempts from discharge claims for domestic support obligations. This includes support arrearages.

Defendant is obligated to pay child support at the rate of $2,092.00 per month retroactive to August 1, 2011. Defendant is currently in the arrears in the amount of approximately $30,197.72 and said amount is currently increasing.

11 USC §523(a)(5) exempts from discharge child support obligations this includes any and all arrearages for support. This law is clear. The amount of support ordered is not ambiguous or open to "interpretation". The Court order for support is clear and Mr. Furie is deliberately refusing to pay the Court ordered support despite his statements that he can afford to do so.

///

///

///

## Attorney Fees

## 11 USC §523(a)(15)

11 USC §523(a)(15) exempts from discharge obligations to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record.

The Plaintiff in an action for non-dischargeability under 11 USC §523(a)(15) has the initial burden to prove in a non-support divorce debt to establish by a preponderance of the evidence, by showing that the debt was incurred in course of a divorce proceeding, was imposed by court of record in that proceeding, and does not qualify as alimony, maintenance, or support. See In Re Montgomery (2004) 310 B.R. 169.

Plaintiff has met this burden. The Family Law Court has ordered Mr. Furie to pay sanctions to Plaintiff for his bad faith conduct in the family law proceeding and based upon Plaintiff's inability to pay her own attorney fees.

This obligation to pay attorney fees to Plaintiff in the sum of $6,000.00 was ordered i.e. incurred in the divorce proceeding, was imposed by Court in the family law proceeding and was not for support of any kind.

Moreover, this attorney fee order was upheld by the Court of Appeals and has not been paid by Mr. Furie.

### Transfer Of RKF Investment

### 11 USC §727(a)(2)(A).

This section denies the Defendant of a discharge of his debts if it is determined that he has transferred assets to the detriment of his creditors.

In this case, Mr. Furie was found to have owned a business known as RKF Investments. This asset was found by the family court to have cash reserves of approximately $105,000.00. This asset was transferred to Mr. Furie's father for no value. This transfer was also made within one year of this petition being filed.

This was found to be a valuable asset that was and is necessary for Mr. Furie to pay his court ordered child support. Instead of using the funds from this asset to pay his court ordered support he has chosen to transfer the asset to his father. This was done to avoid paying his creditor.

Moreover, the Family Court has ordered Mr. Furie to deliver to Plaintiff the promissory note for the sale of this asset. Mr. Furie has completely refused to comply with this order.

The transfer of the asset to his father, a very valuable asset was done on September 18, 2012. This bankruptcy was filed on March 28, 2013.

The burden of proof on an objection to discharge under § 727(a)(2) is preponderance of evidence. *See Grogan v. Garner* (1991), 498 U.S. 279.

In order to prevail Ms. Furie must show that Mr. Furie had the intent to either hinder or delay his creditors. Intent may be inferred from surrounding circumstances. The surrounding circumstances include the various "badges of fraud" that constitute circumstantial evidence of intent. A course of conduct may also be probative of the question of intent. *In re Beverly* (B.A.P. 9th Cir. 2007) 374 B.R. 221, 243 aff'd in part, dismissed in part, (9th Cir. 2008) 551 F.3d 1092

Mr. Furie was ordered to turnover the promissory note that he received for the "transfer" of the asset RFK Investments to Ms. Furie. Mr. Furie's continued refusal to comply with this Court's order is clear evidence of his intent to hinder and delay Ms. Furie's ability to satisfy the debt owed to her of past due child support.

Moreover, the transfer of this asset with cash reserves of $105,000 was transferred approximately 6 months before the filing of this bankruptcy.

It is clear the transfer of this asset was and is a detriment to his creditors and he should be denied a discharge.

## Conclusion

Based upon the foregoing, Plaintiff respectfully requests that judgment be entered in her favor.

Respectfully submitted:

Date: August 23, 2014    LAW OFFICES OF ROSENTHAL & ASSOCIATES

By: Lisa F. Rosenthal
Attorney for Plaintiff
Kelly Furie

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
21601 VANOWEN ST. SUITE 208 CANOGA PARK, CA. 91303

A true and correct copy of the foregoing document entitled (specify): <u>PLAINTIFF'S TRIAL BRIEF</u>

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that he following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

[ ] Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL:</u>**
On (date) <u>9/4/14</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
RUSSELL FURIE 26766 CLAUDETTE STREET, SUITE 415 CANYON COUNTRY, CA. 91351

[ ] Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

[ ] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/4/14 | CLAUDIA ESPINOZA | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE
F901331