LISA F. ROSENTHAL (BAR # 153320)
**LAW OFFICES OF ROSENTHAL & ASSOCIATES**
21601 Vanowen Street, Suite 208
Canoga Park, California 91303
Tel:(818) 348-2896 FAX (818) 348-1247

Attorneys for Plaintiff
Kelly Furie

FILED

SEP 2 9 2014

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| IN RE:<br><br>    RUSSELL FURIE<br><br>               Debtor<br>_____<br>Kelly Furie<br><br>               Plaintiff,<br><br>vs<br><br>Russell Furie<br><br>               Defendant.<br>_____ | CASE NO: 2:13-bk-18101 BR<br>Adversary NO:2:13-AP-01601 BR<br><br>**Plaintiff's Supplemental Trial Brief**<br><br><br><br><br><br><br>**Date: October 22, 2014**<br>**Time: 10:00 am**<br>**Dept: 1668** |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY**

**JUDGE:**

    Plaintiff Kelly Furie respectfully presents the following supplemental trial brief.

**Factual Background**

    Russell Furie and Plaintiff were married on November 2, 1996. They separated on September 26, 2009. The purpose of the

separation was clear, Mr. Furie wanted to protect the marital assets, as the party's former landlord for A+ Teaching Supplies, Octagon was suing Plaintiff and Mr. Furie wanted to protect all of our assets.

In an effort to protect the assets, the party's filed for legal separation on August 25, 2009. They entered into a settlement agreement in which all of the assets were awarded to Mr. Furie.

Under this agreement, Mr. Furie acquired all of the community assets, including all interests in several profitable businesses, 100% ownership in RKF Investments Inc., 100% ownership interest in RK Furie Family Trust; the timeshare in Laguna Beach, and most importantly the title to the family home located at 26808 Terravista Court in Canyon Country.

Mr. Furie knew that under this agreement he was getting all of the assets and he actually informed Plaintiff in writing that he was aware that the agreement was unfair to Plaintiff but that it needed to be done to "keep the family together".

Under the agreement the party's signed, Plaintiff waived my right to receive spousal support in exchange for being allowed to live in the family home, which was awarded to Mr. Furie, until the party's youngest child, Mackenzie turned 18 or until 2019. This was a long-term marriage, which would have allowed Plaintiff to receive spousal support for life.

Mr. Furie intentionally did not make the mortgage payments on the home and the home has since been foreclosed upon.

The current order of support as ordered by the Family Court is $2,092.00. This order has been made retroactive to August 1, 2011 per the order of the Appellate Court. Mr. Furie is currently in arrears in this support order.

## Fraud Cause of Action

## 11 USC §523(a)(4)

11 USC §523(a)(4) excepts from discharge claims for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

When faced with a claim of non-dischargeability under 11 USC §523(a)(4), the Court does a two-step analysis.

The first step is to determine if the parties are in a fiduciary relationship. To answer this question, the Court will look to California law, which holds that each spouse has a fiduciary relationship/obligation to each other and this obligation/relationship does not terminate with separation or commencement of a dissolution action. See *In Re Samuel Stanifer* (1999) 236 B. R. 709.

The meaning of "fiduciary capacity" under §523(a)(4) is an issue of federal law and is narrowly construed and is applied to relationships        involving        express        or        technical        trust

relationships. The "technical" or "express" trust requirements includs relationships in which trust-type obligations are imposed pursuant to statute. See In Re Bennett, (1993) 989 F. 2d 779-784-785; *In Re Samuel Stanifer* (1999) 236 B. R. 709.

In California the Family Code, specifically §1100(c) specifically defines the marital relationship as a fiduciary relationship.

In fact, in the case of *In Re Samuel Stanifer* (1999) 236 B. R. 709, the Court held that the "statutory scheme provided in the California Family Code establishes the type of 'fiduciary capacity' within the meaning of §523(a)(4)." *In Re Samuel Stanifer* (1999) 236 B. R. 709, 713.

In short, for purposes of Federal Courts and 11 USC §523(a)(4), the relationship between spouses is of a fiduciary relationship within the meaning of 11 USC §523(a)(4).

The second analysis that the Court undertakes is to determine if there is a viable claim, i.e. that the claim is not time barred.

Once again, in order to resolve this question, the Court will once again look to state law, here California law on the issue of fraud, more specifically, CCP § 338(d), which holds that " Within three years:....An action for relief on the ground of fraud or mistake. The cause of action in that case is not

deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

In short, under California Law, the statute of limitations is a 3-year statute of limitations for a fraud cause of action.

It appears that Defendant is arguing in his declaration and in his trial brief that the statute of limitations on the fraud cause of action has expired.

To support this argument, Defendant refers the Court to Family Code §2122, which allows one year to set aside a voidable judgment. In this case, Plaintiff is not challenging the judgment as being void or voidable.

Plaintiff is simply asking the Court to recognize that a debt was created by intentional misrepresentations of Defendant to Plaintiff regarding her rights for spousal support (common law fraud).

Note that this case is not a motion to set aside the judgment. In deed, it is Plaintiff's position that the judgment is valid and enforceable. Thus, to the extent that Defendant promised that Plaintiff and the kids would have a home fully paid for, for a period of approximately 10 years, needs to be enforced, and to the extent that this promise to Plaintiff was obtained through common law fraud by Defendant, then it creates a non-dischargeable debt and the statute of limitations is 3 years per CCP §338(d).

## Child Support

### 11 USC §523(a)(5)

It should be noted that Defendant has not addressed this issue in either his declaration or trial brief. However, for purposes of simplicity for the Court, we are re-stating the law on this issue here.

11 USC §523(a)(5) exempts from discharge claims for domestic support obligations. This includes support arrearages.

Defendant is obligated to pay child support at the rate of $2,092.00 per month retroactive to August 1, 2011. Defendant is currently in the arrears in the amount of approximately $30,197.72 and said amount is currently increasing.

11 USC §523(a)(5) exempts from discharge child support obligations this includes any and all arrearages for support. This law is clear. The amount of support ordered is not ambiguous or open to "interpretation". The Court order for support is clear and Mr. Furie is deliberately refusing to pay the Court ordered support despite his statements that he can afford to do so.

## Attorney Fees

### 11 USC §523(a)(15)

Defendant has not cited any law to this Court contradicting in any way the law cited in Plaintiff's trial brief. Nor is he

arguing that he cannot afford to pay this expense that was duly

ordered by the family law court.

Plaintiff has met her burden of proof to have this judgment

for attorney fees declared non-dischargeable pursuant to 11 USC

§523(a)(15) and Defendant has not argued against this fact nor

present any evidence to contradict this fact.

Thus, it is clear. Plaintiff should prevail on this issue

and the debt should be declared non-dischargeable.

## Transfer Of RKF Investment

## 11 USC §727(a)(2)(A).

Once again Defendant has not cited any law to this Court

contradicting in any way the law cited in Plaintiff's trial

brief

In this case, Mr. Furie was found to have owned a business

known as RKF Investments. This asset was found by the family

court to have cash reserves of approximately $105,000.00. This

asset was transferred to Mr. Furie's father for no value. This

transfer was also made within one year of this petition being

filed.

This was found to be a valuable asset that was and is

necessary for Mr. Furie to pay his court ordered child support.

Instead of using the funds from this asset to pay his court

ordered support he has chosen to transfer the asset to his

father. This was done to avoid paying his creditors.

1

2      Moreover, the Family Court has ordered Mr. Furie to deliver

3  to Plaintiff the promissory note for the sale of this asset. Mr.

4  Furie has completely refused to comply with this order.

5      The transfer of the asset to his father, a very valuable

6  asset was done on September 18, 2012. This bankruptcy was filed

7  on March 28, 2013.

8      The burden of proof on an objection to discharge under §

9  727(a)(2) is preponderance of evidence. *See Grogan v. Garner*

10 (1991), 498 U.S. 279.

11     In order to prevail Ms. Furie must show that Mr. Furie had

12 the intent to either hinder or delay his creditors. Intent may

13 be inferred from surrounding circumstances. The surrounding

14 circumstances include the various "badges of fraud" that

15 constitute circumstantial evidence of intent. A course of

16 conduct may also be probative of the question of intent. *In re*

17

18 *Beverly* (B.A.P. 9th Cir. 2007) 374 B.R. 221, 243 aff'd in part,

19 dismissed in part, (9th Cir. 2008) 551 F.3d 1092

20

21     Mr. Furie was ordered to turnover the promissory note that

22 he received for the "transfer" of the asset RFK Investments to

23 Ms. Furie. Mr. Furie's continued refusal to comply with this

24 Court's order is clear evidence of his intent to hinder and

25 delay Ms. Furie's ability to satisfy the debt owed to her of

26 past due child support.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Moreover, the transfer of this asset with cash reserves of $105,000 was transferred approximately 6 months before the filing of this bankruptcy.

It is clear the transfer of this asset was and is a detriment to his creditors and he should be denied a discharge.

## Conclusion

Based upon the foregoing, Plaintiff respectfully requests that judgment be entered in her favor.

Respectfully submitted:

Date: September 24, 2014    LAW OFFICES OF ROSENTHAL & ASSOCIATES

By: Lisa F. Rosenthal
Attorney for Plaintiff
Kelly Furie

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
21601 VANOWEN ST. SUITE 208 CANOGA PARK, CA. 91303

A true and correct copy of the foregoing document entitled (*specify*): <u>PLAINTIFF'S SUPPLEMENTAL TRIAL</u>
<u>BRIEF</u>

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____ , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that he following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) <u>9/26/14</u> , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

RUSSELL FURIE 26766 CLAUDETTE STREET, SUITE 415 CANYON COUNTRY, CA. 91351

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/26/14 | CLAUDIA ESPINOZA | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                      **F 9013-3.1.PROOF.SERVICE**

F901331